UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NOLASCO COMMUNICATIONS, INC.,

    Plaintiff,

v.

BONNEVILLE CONTRACTING AND TECHNOLOGY GROUP, INC. et al.,

    Defendants.

Civil No. 3:14-cv-01382 (JAF)

**OPINION AND ORDER**

This matter is before the court on Defendant Bonneville Contracting and Technology Group, Inc.'s ("BCTG") motion to dismiss Plaintiff Nolasco Communications, Inc.'s complaint. On August 29, 2014, BCTG moved to dismiss the complaint based on lack of complete diversity. (Docket No. 22.) Defendant Bonneville Group Virgin Islands, Corp ("BGVI") joined BCTG's motion. (Docket No. 30.) Plaintiff opposed both the original motion and BGVI's joining motion. (Docket Nos. 25 and 33.) The matter is fully briefed and ripe for review. For the following reasons, Defendants' motions to dismiss are GRANTED.

The defendants moved to dismiss the amended complaint for, among other things, lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Plaintiff asserts the basis for federal jurisdiction over this case is diversity. *See* 28 U.S.C. § 1332(a) (conferring jurisdiction on federal courts to hear and determine suits between citizens of different states, as long as the amount in controversy exceeds $75,000). "Diversity jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the

same state as any defendant." *Gabriel v. Preble*, 396 F.3d 10, 11 (1st Cir. 2005) (*citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806); *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group*, LP, 362 F.3d 136, 139 (1st Cir. 2004)).

According to Plaintiff's Amended Complaint, Nolasco Communications, Inc., is a U.S. Virgin Islands corporation with its principal place of business located in St. Thomas, U.S. Virgin Islands (Docket No. 13, ¶4.) Defendant BCTG is incorporated in the Commonwealth of Puerto Rico and has a principal place of business in Puerto Rico. (Docket No. 13, ¶5.) Defendant BCVI is incorporated and has a physical location address in St. Croix, U.S. Virgin Islands (Docket No 13, ¶6.) Defendant Innovative Communications Corporation ("ICC") has its "headquarters" in St. Croix, U.S. Virgin Islands. (Docket No. 13, ¶7.)

Defendants BCTG and BCVI assert that Plaintiff has not established complete diversity since Plaintiff, along with Defendants BCVI and ICC, are citizens of the U.S. Virgin Islands. Plaintiff does not dispute in either of its oppositions the fact that it, BCVI, and ICC are citizens of the U.S. Virgin Islands.

The court finds that there is not complete diversity since Plaintiff, Defendant BCVI, and Defendant ICC, are citizens of the U.S. Virgin Islands. The fact that Plaintiff is based out of St. Thomas while Defendants BCVI and ICC are allegedly based out of St. Croix is inconsequential.[1] Accordingly, Plaintiff's Amended Complaint lacks complete diversity among the parties, thereby depriving this court of subject matter jurisdiction.

---

[1] Plaintiff attempts to analogize each of the islands that make up the U.S. Virgin Islands as independent jurisdictions like those of the jurisdictions among the different states. Since Plaintiff is a citizen of St. Thomas,

Plaintiff Nolasco Communications, Inc.'s claims are hereby DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of October, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE

---

U.S.V.I., and both BCVI and ICC are alleged citizens of St. Croix, U.S.V.I., Plaintiff suggests that there is complete diversity.